UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD WARREN, BB3793,<br><br>    Petitioner,<br><br>    v.<br><br>HUNTER ANGLEA, Warden,<br><br>    Respondent. | Case No. 19-cv-04174-CRB (PR)<br><br>**ORDER GRANTING MOTION FOR STAY AND ADMINISTRATIVELY CLOSING CASE**<br><br>(ECF No. 20) |

Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction and nine-year sentence from Sonoma County Superior Court for felony infliction of corporal injury resulting in a traumatic condition on his then-spouse, enhanced for inflicting great bodily injury under circumstances involving domestic violence. In the operative pro se petition, petitioner claims that: (1) trial counsel was constitutionally ineffective for failing to properly prepare for the charges and for failing to object to unidentified constitutional violations; (2) trial counsel was constitutionally ineffective for failing to object to the imposition of the upper-term sentence; and (3) the sentencing court erred by imposing the upper-term sentence. ECF No. 1 at 5.

On August 26, 2019, the court (Westmore, M.J.) found that "[i]t does not appear from the face of the petition that it is without merit" and ordered respondent to show cause "why a writ of habeas corpus should not be issued." ECF No. 7 at 1. Respondent filed an answer arguing that claim (1) is not sufficiently specific to warrant a response and is unexhausted; claim (3) is not cognizable under § 2254 and is unexhausted; and claim (2) does not warrant federal habeas relief because the state courts did not unreasonably reject it. Petitioner responded by filing a pro se motion for a stay under Rhines v. Weber, 544 U.S. 269 (2005), in order to exhaust a new claim of ineffective assistance of appellate counsel.

The court finds that claims (1) and (3) are unexhausted, and that claim (3) fails to state a cognizable claim under § 2254 because it is well established that, absent a showing of fundamental unfairness not present here, "a state court's misapplication of its own sentencing laws does not justify federal habeas relief." Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994). Claim (3) accordingly is DISMISSED with prejudice and petitioner's pro se motion for a stay is liberally construed as a motion for a stay in order to exhaust claim (1) and a new claim of ineffective assistance of appellate counsel.

A district court may stay a mixed habeas petition to allow the petitioner to exhaust in state court. See Rhines, 544 U.S. at 277-78. But the petitioner must show (1) "good cause" for his failure to exhaust in state court, (2) that his unexhausted claims are not "plainly meritless," and (3) that he has not engaged in "intentionally dilatory litigation tactics." Id. at 278. The court is satisfied that petitioner has made enough of a showing for a stay under the circumstances. Although petitioner must allege specific facts in order to properly exhaust claim (1) and his proposed new claim of ineffective assistance of appellate counsel, neither claim is plainly meritless; petitioner has not engaged in intentionally dilatory litigation tactics; and petitioner's claim of ineffective assistance of appellate counsel and allegations of subsequent pro se status and inadequate access to the law library may constitute good cause under Rhines. Cf. Blake v. Baker, 745 F.3d 977, 982-84 (9th Cir. 2014) (claim of ineffective assistance by postconviction counsel may constitute good cause under Rhines).

Petitioner's motion (ECF No. 20) for a stay under Rhines to exhaust claim (1) and a new claim of ineffective assistance of counsel is GRANTED. The clerk is instructed to ADMINISTRATIVELY CLOSE the case. Nothing further will take place in this matter until petitioner exhausts his unexhausted claims in the state courts and, within 28 days thereafter, moves to reopen the case and lift the court's stay.

**IT IS SO ORDERED**.

Dated: February 27, 2020

_____
CHARLES R. BREYER
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD WARREN,<br><br>    Plaintiff,<br><br>v.<br><br>HUNTER ANGLEA,<br><br>    Defendant. | Case No. 3:19-cv-04174-CRB<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 27, 2020, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Bernard Warren ID: BB3793
Vallecito Conservation Camp #1
3225 Six Mile Rd.
Angels Camp, CA 95222

Dated: February 27, 2020

    Susan Y. Soong
    Clerk, United States District Court

    By: *L. Scott*
    Lashanda Scott, Deputy Clerk to the
    Honorable CHARLES R. BREYER